Charles P. Maher, State Bar No. 124748
Jeffrey L. Fillerup, State Bar No. 120543
Nhung Le, State Bar No. 209552
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610

Attorneys for Andrea A. Wirum,
Successor-in-Interest to Charles E. Sims

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re RAMIN YEGANEH, <br><br> Debtor. | Bankruptcy Case No. 05-30047 TEC |
| CHARLES E. SIMS, Trustee, <br><br> Appellee, <br><br> v. <br><br> F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FARIN YEGANEH aka FRAN YEGANEH, <br><br> Appellant. | District Court Case No. C-08-01399 CW |
| CHARLES E. SIMS, Trustee, <br><br> Appellee, <br><br> v. <br><br> COAST DEVELOPMENT TRUST and FARIN YEGANEH aka F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FRAN YEGANEH, <br><br> Appellant. | District Court Case No. C-08-01400  CW <br><br><br><br> **APPELLEE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

1

1
2    CHARLES E. SIMS, Trustee,                    District Court Case No. C-08-01401 CW

3                    Appellee,

4    v.

5    ADVANTA TRUST and FARIN YEGANEH
     aka F. NAMDARAN aka FRAN
6    NAMDARAN aka FARIN NAMDARAN aka        **APPELLEE'S REPLY MEMORANDUM**
     FRAN YEGANEH,                          **IN SUPPORT OF MOTION TO DISMISS**
7
                     Appellant.
8

9

10          Andrea A. Wirum, successor-in-interest to Charles E. Sims as Trustee in Bankruptcy of the

11   estate of Ramin Yeganeh and Appellee in each of the above appeals, hereby replies to the

12   opposition of the Appellants to Appellee's motion to dismiss appeals for lack of jurisdiction under

13   28 U.S.C. § 158(a).  This identical reply brief is being filed in Case Nos. C 08-01399 CW, C 08-

14   01400 CW, and C 08-01401 CW.

15   I.     INTRODUCTION

16          In their opposition, the Appellants confirm precisely what the Appellee pointed out to the

17   Court in her motion to dismiss:  (1) the orders on appeal are interlocutory orders, not final orders;

18   and (2) the Appellants failed to move the Court for leave to appeal an interlocutory order.

19          In their opposition, the Appellants have failed to demonstrate why the Court ought to

20   consider appeals of interlocutory orders denying summary judgment motions.   Rather, the

21   Appellants attempt to argue the merits of their motions, particularly the issue of standing of the

22   Appellee as Trustee, an issue the Bankruptcy Court declined to decide in the context of motions

23   for summary judgment.

24   II.    ARGUMENT

25          There are two avenues to appeal an interlocutory order.  The first is 28 U.S.C. § 158(a) and

26   Rules 8001 and 8003 of the Federal Rules of Bankruptcy Procedure ("FRBP").  FRBP 8001(b)

27   requires an appellant to file a motion for leave to appeal with its notice of appeal.  The Appellants

28   failed to file a motion for leave and, according to FRBP 8003, have taken an improper appeal.

1    FRBP 8003(c) gives the appellate court discretion to treat the notice of appeal as a motion for

2    leave and either grant or deny leave, or direct that a motion for leave be filed.  The motion to

3    dismiss the appeals gave the Appellants the opportunity to demonstrate why leave to appeal ought

4    to be granted.  They have failed to do so.

5        The second avenue is 28 U.S.C. § 1292(b) which requires an order from the trial court

6    certifying an order for interlocutory appeal, a demonstration of the existence of a "controlling

7    question of law as to which there is a substantial ground for difference of opinion," and a

8    demonstration that immediate appeal will materially advance the ultimate termination of the

9    litigation.  There is no certification order from the Bankruptcy Court, and the Appellants have

10   failed to demonstrate the existence of a controlling question of law or that immediate appeal will

11   materially advance the litigation.

12       Relying on the discretion of the Court under FRBP 8003(c) to treat the notice of appeal as

13   a motion for leave to appeal, the Appellants direct the District Court to the standards of 28

14   U.S.C. § 1292(b) to determine whether leave should be granted.  There is case law, including the

15   Ninth Circuit Bankruptcy Appellate Panel case cited by the Appellants, *In re Sperna*, 173 B.R.

16   654, 658 (9th Cir. BAP 1994), that suggests the standards in Section 1292(b) may be used by

17   analogy in a motion for leave to appeal under FRBP 8001 and FRBP 8003(c).

18       Section 1292(b) of Title 28 reads as follows in its entirety:

19           When a district judge, in making in a civil action an order not otherwise appealable
             under this section, shall be of the opinion that such order involves a controlling
20           question of law as to which there is substantial ground for difference of opinion
             and that an immediate appeal from the order may materially advance the ultimate
21           termination of the litigation, he shall so state in writing in such order.  The Court
             of Appeals which would have jurisdiction of an appeal of such action may there
22           upon, in its discretion, permit an appeal to be taken from such order, if application
             is made to it within ten days after the entry of the order.  *Provided, however*, That
23           application for an appeal hereunder shall not stay proceedings in the district court
             unless the district judge of the court of appeals or a judge thereof shall so order.

24

25       Section 1292(b) describes the district court acting as trial court, not as appellate court in

26   bankruptcy appeals.  For Section 1292(b) to be applicable in this case, the Bankruptcy Court

27   would have had to certify in writing its opinion that the interlocutory orders involve a controlling

28   question of law as to which there is a substantial ground for difference of opinion and that an

1    immediate appeal would materially advance the litigation.  An order certifying a Section 1292(b)

2    appeal should state the reasons that warrant appeal as a guide to the appellate court's consideration

3    of the petition for permission to appeal.  16 Wright, Miller, Cooper, *Federal Practice and*

4    *Procedure*, Section 3929.  The District Court, sitting as a court of appeal, would then consider the

5    Bankruptcy Court's written certification; it is up to the appellate court in its discretion to

6    determine whether to accept the appeal.

7        The Bankruptcy Court did not make such a certification.  Except in rare circumstances,

8    certificate from the trial court is a prerequisite for consideration of an appeal under Section

9    1292(b).  *In re American Marine Holding Co.*, 14 F. 3d 276, 277 (5th Cir. 1994), *Wimberly v.*

10   *Rogers*, 557 F. 2d. 671, 672-673 (9th Cir. 1997).

11       If Section 1292(b) or its standards apply without the certification, the Appellants still fail

12   because they have not identified the "controlling question of law as to which there is a substantial

13   ground for difference of opinion" or demonstrated why an immediate appeal would "materially

14   advance the ultimate termination of the litigation."

15       In *Ahrenholz v. Board of Trustees*, 219 F. 3d. 674 (7th Cir. 2000), Judge Posner addressed

16   the question of what constitutes a "question of controlling law."  Judge Posner acknowledged that

17   an appeal from the denial of a summary judgment presents a question of law (i.e., whether the

18   opponent of the motion has raised a genuine issue of material fact), but found that Section 1292(b)

19   was not intended to make denials of summary judgment routinely appealable.  "A denial of

20   summary judgment is a paradigmatic example of an interlocutory order that normally is not

21   appealable." 219 F. 3d. at 676.

22       We think "question of law" as used in Section 1292(b) has reference to a question
         of the meaning of a statutory or constitutional provision, regulation, or common
23       law doctrine rather than to the question whether the party opposing summary
         judgment had raised a genuine issue of material fact.
24

25       The idea was that if a case turned on a pure question of law, something the court
         of appeals could decide quickly and cleanly without having to study the record,
26       the court should be enabled to do so without having to wait until the end of the
         case. ... But to decide whether summary judgment was properly granted requires
27       hunting through the record compiled in the summary judgment proceeding to see
         whether there may be a genuine issue of material fact lurking there ... .

28

4

1    219 F. 3d. at 676-677.

2        The Appellants have not identified a question of controlling law.  They have merely

3    complained that, based on the facts they presented to the Bankruptcy Court (which were refuted

4    with substantial evidence offered by the Appellee), their motions for summary judgment should

5    have been granted.

6        An immediate appeal will not materially advance the litigation.  The litigation in the

7    Bankruptcy Court is set for trial on June 3, 2008, and is expected to conclude during that week.

8    Although it is theoretically possible that an appeal could be expedited to have it fully briefed and

9    decided before June 3, 2008, such immediate action is unlikely.  A briefing order has not yet been

10   issued.  Even so, the term "materially advance" cannot possibly mean a week or two.

11       In similar circumstances, the Ninth Circuit Court of Appeals rejected a request for

12   interlocutory appeal under Section 1292(b) in *Shurance v. Planning Control International, Inc.*,

13   839 F. 2d. 1347.

14           We also find that to allow interlocutory appeal of this motion would not
             "materially advance the ultimate termination of the litigation."    28
15           U.S.C. § 1292(b).  Indeed, an interlocutory appeal might well have the effect of
             delaying resolution of this litigation, for an appeal probably could not be
16           completed before July, 1988, when trial is currently scheduled.

17   839 F. 3d. at 1348.

18       The Bankruptcy Court has set trial for just over month from now.  An appeal will not

19   advance the ultimate termination of the litigation.

20   III.    CONCLUSION

21       The purpose of Section 1292(b) will not be served by an interlocutory appeal of an order

22   denying summary judgment.  The Appellants failed to obtain certification by the Bankruptcy

23   Court, failed to demonstrate the existence of a "controlling question of law," and failed to

24   demonstrate that consideration of an interlocutory appeal will materially advance the litigation.

25

26   / / /

27   / / /

28   / / /

5

1    The Appellants have failed to demonstrate why this Court ought to entertain an appeal of

2  interlocutory orders denying their summary judgment motions.

3

4  DATED: April 29, 2008                    LUCE, FORWARD, HAMILTON & SCRIPPS LLP

5

6                                           By: _____

7                                               Charles P. Maher,
                                                 Counsel for Andrea A. Wirum, Appellee and
8                                               Successor-in-Interest to Charles E. Sims

9  301036978.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Charles P. Maher, State Bar No. 124748
   Jeffrey L. Fillerup, State Bar No. 120543
2  Nhung Le, State Bar No. 209552
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  Rincon Center II, 121 Spear Street, Suite 200
   San Francisco, California 94105-1582
4  Telephone No.: 415.356.4600
   Fax No.: 415.356.4610
5

6  Attorneys for Andrea A. Wirum,
   Successor-in-Interest to Charles E. Sims
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  In re RAMIN YEGANEH,                    Bankruptcy Case No. 05-30047 TEC

12        Debtor.

13  _____

    CHARLES E. SIMS, Trustee,              District Court Case No. C-08-01399 CW
14
          Appellee,
15
    v.
16
    F. NAMDARAN aka FRAN NAMDARAN
17  aka FARIN NAMDARAN aka FARIN
    YEGANEH aka FRAN YEGANEH,
18
          Appellant.
19  _____

20  CHARLES E. SIMS, Trustee,              District Court Case No. C-08-01400  CW

21        Appellee,

22  v.

23  COAST DEVELOPMENT TRUST and
    FARIN YEGANEH aka F. NAMDARAN aka
24  FRAN NAMDARAN aka FARIN
    NAMDARAN aka FRAN YEGANEH,             **CERTIFICATE OF SERVICE BY MAIL**
25
          Appellant.
26  _____

27

28

| | |
|---|---|
| CHARLES E. SIMS, Trustee,<br><br>        Appellee,<br><br>v.<br><br>ADVANTA TRUST and FARIN YEGANEH aka F. NAMDARAN aka FRAN NAMDARAN aka FARIN NAMDARAN aka FRAN YEGANEH,<br><br>        Appellant. | District Court Case No. C-08-01401 CW<br><br><br><br>**CERTIFICATE OF SERVICE BY MAIL** |

I, Nelly M. Quintanilla, declare that:

    1.    I am employed in the City and County of San Francisco, California. My business address is 121 Spear Street, Ste. 200, San Francisco, California 94105. I am over the age of 18 years and not a party to the above-entitled action. I work in the office of a member of the bar of this Court, at whose direction the service was made.

    2.    I am familiar with Luce, Forward, Hamilton & Scripps, LLP's, practice whereby each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day the mail is collected and deposited in a United States postal mailbox at or before the close of business each day.

    3.    On this date, I served the following document:

**Appellee's Reply Memorandum in Support of Motion to Dismiss**

by placing a true copy thereof enclosed in a sealed envelope, postage thereon fully prepaid, in the designated area for outgoing mail at San Francisco, California, which envelopes were addressed to the following persons:

William E. Gilg, Esq.
305 San Bruno Avenue West
San Bruno, CA 94066

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on April 29, 2008, in San Francisco, California.

_____
Nelly M. Quintanilla

301037122.1